**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| LIFENET, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AIR METHODS CORPORATION,<br><br>Defendant. | Civil Action No.: 5:26-cv-00181<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT

Plaintiff LifeNet, Inc. ("LifeNet"), for its Complaint against defendant Air Methods Corporation ("Air Methods"), states:

## NATURE OF THE ACTION

1. This is an action arising under 28 U.S.C. § 2201 and 28 U.S.C. § 2202 seeking a declaration concerning the ownership and validity of the trademark LIFENET (U.S. Trademark Reg. No. 3,024,887) and unfair competition in violation of 15 U.S.C. § 1125(a). LifeNet also seeks damages, and corrective and injunctive relief as set forth below.

## THE PARTIES

2. LifeNet is a nonprofit corporation organized and existing under the laws of the State of Arkansas, with its principal place of business located at 6225 St. Michael Drive, Texarkana, Texas 75503.

3. Upon information and belief, Air Methods is a Delaware corporation that transacts business within the United States, with its principal place of business located at 5500 South Quebec Street, Suite 300, Greenwood Village, Colorado 80111.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, as this action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Air Methods is transacting and doing business within this judicial district, is committing the acts complained of within this judicial district, has otherwise directed its conduct complained of to this judicial district and is subject to the jurisdiction of this district, and/or a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court has personal jurisdiction over Air Methods because Air Methods has been conducting continuous and systematic business within the State of Texas and within the boundaries of this judicial district by promoting, advertising, offering for sale, and selling its goods and services. Further, Air Methods has caused harm and committed the unlawful acts complained of in this district, and LifeNet has suffered harm in this district as a direct result of Air Methods' conduct.

## FACTUAL BACKGROUND

### A. LifeNet and Its LIFENET Mark

7. LifeNet sought and received U.S. Trademark Registration No. 3,024,887 for the trademark for LIFENET for ground and air transportation related to medical services (the "LIFENET Registration") on December 13, 2005. A true and correct copy of the Certificate of Registration is attached and incorporated by reference as Exhibit 1.

8. At the time of registration for the LIFENET Registration, LifeNet had obtained and continuously owned Texas service mark Registration Nos. 57,318 and 57,319 for the same services

described in the application for federal registration mark since 1997. Additionally, LifeNet had obtained and continuously owned Oklahoma service mark registration Nos. 29,066 and 29,067 for the same services described in the application for federal registration since 1997.

9. LifeNet has continuously used the LIFENET mark in U.S. commerce in connection with ground and air transportation related to medical services since 1993.

10. In 2011, LifeNet's trademark registration for LIFENET achieved incontestable status, constituting *prima facia* or conclusive evidence of LifeNet's exclusive right to use the LIFENET trademark in connection with ground and air transportation related to medical services.

11. In 2015, LifeNet provided the U.S. Trademark Office with evidence of continued use of the trademark LIFENET in interstate commerce in connection with maintaining the LIFENET Registration under Section 8 and Section 9 of the Lanham Act, along with verified statements attesting to continued use, which the U.S. Trademark Office accepted on June 30, 2015.

12. LifeNet's continued use of the trademark LIFENET has generated substantial goodwill.

13. LifeNet and its personnel have received national accolades through the American Ambulance Association's Stars of Life program for its service to the community and through other national accreditation programs.

14. As a result of its hard-earned reputation for providing quality services, LifeNet and its LIFENET trademark have become widely known and respected throughout its service area.

15. On August 24, 2021, LifeNet and Air Methods entered into an Air Medical Services and Support Agreement (the "Agreement") that, among other things, licensed the use of the trademark LIFENET AIR to Air Methods. A true and correct copy of the Agreement is attached and incorporated herein by reference as Exhibit 2.

16. In the Agreement, Air Methods acknowledged and agreed that LifeNet is the owner of the licensed trademark, namely LIFENET AIR. *See* Agreement, § 28.2.

17. In the Agreement, Air Methods agreed that all goodwill resulting for the use of the licensed trademark would inure to the benefit of LifeNet. *See id.*

18. The LIFENET trademark and the goodwill it created are of inestimable value to LifeNet.

**B. Air Methods' Unlawful Activities**

19. On May 11, 2017, without the knowledge of LIFENET, a revocation of power of attorney signed by Crystal Gordon, purportedly as Senior Vice President, General Counsel & Corporate Secretary of LifeNet was filed for the LIFENET Registration, changing the power of attorney from counsel for LifeNet to Scott S. Havlick with Holland & Hart. A copy of the wrongful revocation of power of attorney is attached and incorporated herein by reference as Exhibit 3.

20. On May 11, 2017, Crystal Gordon was not an employee or officer of LifeNet.

21. Crystal Gordon has never been an employee or officer of LifeNet.

22. Crystal Gordon did not have the authority to revoke the power of attorney for LifeNet.

23. Crystal Gordon did not have the authority to appoint a new attorney for LifeNet.

24. LifeNet was not notified that the revocation of power of attorney was filed.

25. On July 16, 2018, without the knowledge of LIFENET, an instrument titled Trademark Assignment and signed by Crystal Gordon, purportedly as Director for LifeNet, purporting to assign or transfer rights in the LIFENET Registration (the "Purported Assignment") to Air Methods, was executed and thereafter recorded with the United States Patent and Trademark

Office at Reel/Frame 006418/0060 on July 16, 2018. A copy of the Purported Assignment is attached and incorporated herein by reference as Exhibit 4.

26. The Purported Assignment is invalid and void because Crystal Gordon did not have the authority to assign the rights to the LIFENET Registration and thus did not transfer ownership of the LIFENET or its goodwill.

27. LifeNet was not notified that the Purported Assignment was filed.

28. Upon information and belief, in 2017 and 2018 when the Purported Assignment was recorded, Crystal Gordon was an employee of Air Methods and, importantly, not an employee or officer of LIFENET.

29. Until recently, LifeNet believed it was the registrant of the LIFENET Registration.

30. Air Methods acknowledgments of LifeNet's ownership of the LIFENET trademark in the Agreement and the parties' course of dealing confirm that LifeNet is, and at all relevant times has been, the owner of the LIFENET trademark and the associated goodwill.

31. Despite these facts, Air Methods may assert or threaten to assert ownership based on the Purported Assignment, creating an actual and justiciable controversy warranting declaratory relief.

32. Air Methods' potential assertion of ownership and/or interference with LifeNet's rights has caused and will continue to cause irreparable harm to LifeNet, including disruption of business relationships, marketplace confusion, and impairment of LifeNet's ability to control the quality and goodwill associated with the LIFENET trademark.

**COUNT I**
**(28 U.S.C. § 2201-2202 – Declaratory Judgment)**

33. LifeNet repeats and incorporates by reference the allegations set forth in paragraphs 1–32, inclusive, as if fully set forth.

34. An actual controversy exists regarding ownership of the LIFENET Registration and the validity of the Purported Assignment.

35. LifeNet seeks a declaration that LifeNet is the rightful owner of the LIFENET trademark, including U.S. Trademark Registration No. 3,024,887, and all associated goodwill.

36. LifeNet seeks a declaration that the Purported Assignment is void and of no effect.

37. LifeNet seeks a declaration that the United States Patent and Trademark Office ("USPTO") records should reflect LifeNet as the registrant and owner of the LIFENET Registration.

**COUNT II**
**(15 U.S.C. § 1119 – Rectify Registration)**

38. LifeNet repeats and incorporates by reference the allegations set forth in Paragraphs 1–37 inclusive, as if fully set forth.

39. This Court has authority under 15 U.S.C. § 1119 to determine the right to registration, order the cancellation of registrations, and otherwise rectify the register with respect to the registrations at issue.

40. LifeNet seeks an order directing the Director of the USPTO to amend or correct the ownership records for U.S. Trademark Registration No. 3,024,887 to identify LifeNet as the owner.

**COUNT III**
**(Equitable/Injunctive Relief)**

41. LifeNet repeats and incorporates by reference the allegations set forth in Paragraphs 1–40, inclusive, as if fully set forth.

42. LifeNet has no adequate remedy at law to prevent continuing harm caused by Air Methods' assertions of ownership of the LIFENET trademark adverse to LifeNet.

43. LifeNet seeks preliminary and permanent injunctive relief enjoining Air Methods from claiming or exercising any right of ownership of the LIFENET trademark adverse to LifeNet.

44. LifeNet seeks preliminary and permanent injunctive relief enjoining Air Methods from otherwise engaging in conduct likely to cause confusion regarding ownership or sponsorship of the LIFENET trademark.

**COUNT IV**
**(Fraudulent Procurement of Trademark Registration Under 15 U.S.C. § 1120)**

45. LifeNet repeats and incorporates by reference the allegations set forth in Paragraphs 1–44, inclusive, as if fully set forth.

46. Under Section 38 of the Lanham Act, 15 U.S.C. § 1120, any person who procures a registration in the United States Patent and Trademark Office by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained.

47. On or about July 16, 2018, Defendant filed the Purported Assignment recordation at No. Reel/Frame 006418/0060 for the LIFENET Registration. In connection with the procurement of the LIFENET Registration, Defendant made false and fraudulent representations of material fact to the USPTO. Specifically, Defendant represented that LifeNet had assigned or transferred rights to the LIFENET Registration to Air Methods. However, at the time Defendant made these representations, they were not true and Defendant knew or should have known they were not true. Indeed, Defendant made these representations intending for the USPTO to believe they were true when they were not in order to induce the USPTO wrongfully to grant registration of the LIFENET Registration to Air Methods.

48. The USPTO reasonably relied on Defendant's false representations in examining the Purported Assignment. As a direct and proximate result of Defendant's fraudulent procurement of the LIFENET Registration, Plaintiff has suffered and continues to suffer damages.

## REQUESTED RELIEF

Plaintiff LifeNet, Inc. respectfully requests for this Court to grant the following relief:

A. A declaration under 28 U.S.C. § 2201 that LifeNet is the sole and rightful owner of the LIFENET trademark, including U.S. Trademark Registration No. 3,024,887, and all associated goodwill, and that Air Methods has no ownership interest adverse to LifeNet;

B. A declaration that the Purported Assignment dated July 16, 2018, is void and of no effect, and that any recordation or filing at the USPTO premised on it is invalid as against LifeNet's ownership;

C. An order under 15 U.S.C. § 1119 directing the Director of the USPTO to correct or amend the ownership records for U.S. Trademark Registration No. 3,024,887 (and any related applications/registrations) to reflect LifeNet as owner; to cancel, strike, or disregard the Purported Assignment recordation at Reel/Frame 006418/0060 (or other relevant recordation); and to enter any necessary corrective recordations;

D. An order directing Air Methods to execute all documents necessary to effectuate the Court's declarations and to permit corrective recordation with the USPTO and authorizing the Clerk or another designee to execute such documents in the event of Air Methods' noncompliance;

E. Preliminary and permanent injunctive relief enjoining Air Methods from asserting or exercising any right of ownership over the LIFENET trademark adverse to LifeNet, from

interfering with LifeNet's rights in the LIFENET trademark, and from taking any actions likely to cause confusion regarding ownership or sponsorship;

F. An award of all damages as proven;

G. An award of attorneys' fees and costs as permitted by 15 U.S.C. § 1117(a), contract, or other applicable authority; and

H. Such other and further relief, including supplemental relief under 28 U.S.C. § 2202, as the Court deems just and proper

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, LifeNet, Inc. respectfully demands a jury trial of all issues triable to a jury in this action.

Respectfully submitted,

*/s/ Jennifer H. Doan*

Jennifer H. Doan
Texas Bar No. 08809050
Mariah L. Hornok
Texas Bar No. 24113074
HALTOM & DOAN
2900 St. Michael Drive, Suite 500
Texarkana, TX 75503
Telephone: (903) 255-1000
Email: jdoan@haltomdoan.com
Email: mhornok@haltomdoan.com

Michael A. Thompson
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: mthompson@wlj.com

**ATTORNEYS FOR PLAITNIFF LIFENET, INC.**

## VERIFICATION

STATE OF Texas )
)
COUNTY OF Bowie )

I, the undersigned, Alyssa Moore for the plaintiff in the above-captioned action, do hereby state upon oath and affirmation that I have read the foregoing document, and that the factual statements and allegations contained therein are true and correct to the best of my knowledge, information and belief based on my personal knowledge and/or the business records of plaintiff.

LifeNet, Inc.

Alyssa Moore

Alyssa Moore, CEO

10/29/26

Date

Subscribed and sworn to before me this 29th day of October 2026.

Kristy C Gerrald

NOTARY PUBLIC

My Commission Expires:

3/2/2027

NOTARY PUBLIC STATE OF TEXAS
Kristy Cherie Gerrald
My Commission Expires
3/2/2027
Notary ID 124796186